IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUELINE R. CARROLL-HALL,     *

   Plaintiff,     *

      v.     *     Civil Action No.: RDB-10-00873

THE ARC OF BALTIMORE, et al.     *

   Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This employment discrimination action arises out of a Complaint brought by Jacqueline R. Carroll-Hall ("Plaintiff" or "Carroll-Hall"), proceeding *pro se*, against The Arc of Baltimore, Inc. (the "Arc"), and ten current or former employees of the Arc: Ron Christian, Dele Sangodeyi, Monique DuBois, Shareen Jones, Kevin Pushia, Chrystie Nicholson, Kim Meekins, Ryan Reif, Olu Fatodu, and Alan Campbell (collectively, "Defendants"). Carroll-Hall is a former employee of the Arc. Carroll-Hall avers that she was unlawfully discriminated against on the basis of her race, color, and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and her age pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*. Although Carroll-Hall's Complaint does not fully develop her allegations, she appears to additionally claim that she was unlawfully retaliated against in violation of Title VII. Pending before this Court is Defendant's Motion to Dismiss (Paper No. 6). In response, Carroll-Hall has filed a "Motion to Oppose the Motion to Dismiss" (Paper No. 8), which is a response to the Defendant's motion, and is not itself a pending motion requiring disposition. Therefore, Plaintiff's Motion to Oppose will be deemed MOOT. Plaintiff

has also filed two other motions that remain pending: (1) Motion for Leave to File a Motion for Entry of Default Judgment (Paper No. 9); and (2) Motion to Appoint Counsel (Paper No. 13). This Court has jurisdiction under 28 U.S.C. § 1331. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Arc of Baltimore's Motion to Dismiss (Paper No. 6) is GRANTED, and Plaintiff's Motion for Leave to File a Motion for Entry of Default Judgment (Paper No. 9), and Motion to Appoint Counsel (Paper No. 13) are DENIED as moot.

## BACKGROUND

Carroll-Hall filed her *pro se* Complaint by using a form provided by this Court, and checking boxes to delineate her claims. Carroll-Hall attached six documents to her initial Complaint, and those attachments contain most of the factual allegations made by the Plaintiff. *See* Paper Nos. 1-1 through 1-6. As this action is currently before the Court on Defendant's motion, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In addition, A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Carroll-Hall is an African-American woman, and was fifty-eight years old at the time of her termination from the Arc. The Arc of Baltimore is a nonprofit organization that offers programs and services for developmentally disabled people in the Baltimore metropolitan area. When the Arc terminated Carroll-Hall on September 22, 2009, she had worked at the Arc for just under two years. Complaint at 2; Paper No. 1-3 at 2. During the majority of her employment, it

appears as though the Arc employed Carroll-Hall as a "House Manager." Paper No. 1-3 at 1-2. The position of House Manager appears to encompass duties ranging from managing the affairs of a particular residential house to driving developmentally disabled people to appointments and to various treatments. *Id.* at 2-4. In the documents attached to her Complaint, Carroll-Hall cites numerous grievances she has with the Arc and the individually named Defendants. Carroll-Hall's primary allegations span the time period March 2008 through September 22, 2009. *Id.* at 11. Carroll-Hall alleges that when she was promoted to House Manager, the Arc refused to her pay her at the House Manager hourly rate because that rate would have been higher than that of a former male employee who had recently been terminated. *Id.* at 1-2. In addition, Plaintiff alleges that she was not paid for the amount of overtime work she performed in March and April 2008. *Id.* at 1-2.

Carroll-Hall alleges that she was unfairly punished for turning in late reports in connection with her obligations as a House Manager during the summer and fall of 2008. *Id.* at 3. Plaintiff alleges that an Arc employee, Shareen Jones, gave Plaintiff permission to turn in her monthly reports late, but subsequently complained to Plaintiff's immediate supervisor regarding the late reports. *Id.* at 3. Plaintiff made internal complaints to other Arc employees about Ms. Jones' behavior, and alleges that, following those complaints, Ms. Jones retaliated against Plaintiff by finding fault with her work and "setting [Plaintiff] up to fail." *Id.* at 4. While not specifically pleaded as such, this allegation appears to be the source of Plaintiff's Title VII retaliation claim.

Carroll-Hall alleges that the Arc disciplined her for using an Arc vehicle for personal (overnight) use, despite the fact that her supervisor granted Carroll-Hall permission to use the vehicle overnight in order to cover short-staffed shifts. *Id.* at 4. Similarly, Carroll-Hall also

3

alleges that she was temporarily discharged after the company vehicle that was assigned to her was photographed and ticketed for running a red light, despite the fact that she was not the driver. *Id.* at 5. The Arc vehicle assigned to Plaintiff was photographed and ticketed by an automatic red light camera sometime in early September 2008. *Id.* at 5. The Arc terminated Carroll-Hall on September 10, 2008, following that incident. *Id.* Thereafter, Plaintiff proved, via reference to the vehicle log, that, in fact, another employee had use of the vehicle in question on the day of the red light infraction. *Id.* The Arc then rehired Carroll-Hall on September 20, 2008.

Finally, Carroll-Hall alleges that her ultimate termination by the Arc was the result of false allegations regarding her operation of a company vehicle. *Id.* at 10-11. On September 16, 2009, a nameless Arc employee apparently complained to one of Plaintiff's supervisors that Plaintiff was driving an Arc vehicle at a high rate of speed and in an unsafe manner. *Id.* As a result of this complaint, the Arc terminated Carroll-Hall's employment on September 22, 2009.

On February 1, 2010, Carroll-Hall filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Paper No. 2-1, at 9. On March 12, 2010, the EEOC issued a Dismissal and Notice of Rights. *Id.* at 1-3. Carroll-Hall filed this Complaint on April 6, 2010. Defendants move to dismiss Carroll-Hall's Complaint with prejudice, asserting that Plaintiff fails to state viable claims of discrimination.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. (8)(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the

legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

5

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

**ANALYSIS**

Plaintiff's Complaint essentially asserts three causes of action: (1) race, color, and gender discrimination under Title VII of the Civil Rights Act; (2) unlawful retaliation under Title VII; and (3) age discrimination under the Age Discrimination in Employment Act. This Court will address the first two claims together.

**I. Discrimination and Retaliation Claims Under Title VII**

A. Timeliness

The Defendants have moved for dismissal on all counts of the Complaint. As an initial matter, Defendants argue that some of Carroll-Hall's Title VII claims are untimely. Def.'s Mot. to Dismiss at 5. Prior to filing a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). In Maryland, a deferral state,[1] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1). "If a charging party fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not subsequently be challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 592 (D. Md. 2000). *See also Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("[i]ncidents outside the

---

[1] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state because the Maryland Commission on Human Relations (MCHR) constitutes a state agency that is capable of providing relief from discrimination.

statutory window are time-barred"). Courts have strictly enforced the timeliness requirements that govern actions alleging employment discrimination. *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp.2d 587, 597 (D. Md. 2000) *See also Christian v. City of Annapolis*, No. 06-1119, 2006 WL 2294539, at *1 (D. Md. Aug. 9, 2006) (dismissing discrimination claim as untimely because it was not filed with the EEOC until 301 days after the alleged discriminatory act); *Langford v. Yale Univ. School of Medicine*, 39 Fed. Appx. 683, 685 (2d Cir. 2002) (affirming dismissal of discrimination claim that was filed with the EEOC two days after the 300 day deadline).

Carroll-Hall filed her charge of discrimination on February 1, 2010. Paper No. 2-1, at 9. Consequently, the 300 day filing period begins on April 7, 2009, and Carroll-Hall's Title VII claims can only be based on misconduct alleged to have occurred after this date. The only event Carroll-Hall clearly references in her Complaint that occurred after April 7, 2009 is the termination of her employment on September 22, 2009. The only facts Carroll-Hall alleges in support of her retaliation claim occurred before April 7, 2009. Because any alleged unlawful employment actions giving rise to Carroll-Hall's alleged Title VII retaliation claims occurred more than 300 days before she filed her charge of discrimination, that claim is time-barred. Therefore, this Court need only address Carroll-Hall's Title VII discrimination claims with respect to her termination from the Arc of Baltimore in September of 2009.

B. <u>Discrimination under Title VII</u>

Defendants contend that Carroll-Hall fails to state a claim of discrimination under Title VII. To establish a prima facie case of race, color, or gender discrimination under Title VII, the Plaintiff must show that: "(1) [s]he is a member of a protected group; (2) [s]he earned satisfactory performance marks; (3) [s]he suffered an adverse employment action; and (4) other similarly situated employees outside [her] protected class were treated more favorably." *Prince-

*Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F. Supp. 2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)). It is undisputed that Carroll-Hall is a female African-American, and she properly alleges that she suffered from an adverse employment action, namely, her termination. This Court finds Plaintiff's allegations fail to meet the second and fourth elements of her prima facie case, however. Carroll-Hall's Complaint does not allege that she was meeting her employer's legitimate expectations at the time of her termination, or that similarly situated employees outside of her protected class (*i.e.* Caucasian males) were treated more favorably. Aside from stating that she is an African-American woman, Plaintiff does not assert how her gender, race, or color played any role in her termination. Therefore, because Plaintiff's Complaint does not allege the necessary prima facie elements of a Title VII discrimination claim, Plaintiff's Title VII discrimination claims are DISMISSED.

## II.   Age Discrimination Claim Under the ADEA

Defendants assert that Carroll-Hall's Complaint fails to state a claim of age discrimination under the Age Discrimination in Employment Act. In order to allege a prima facie case of discriminatory discharge under the ADEA, a plaintiff must assert that she (1) is a member of the protected class, *i.e.* is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting her employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than she is. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). Carroll-Hall was fifty-eight years old when the Arc terminated her and there is no dispute that she

suffered an adverse action. Carroll-Hall offers nothing more than a single conclusory assertion, however, that she was replaced by a younger, less experienced woman after her initial termination on September 10, 2008, following the red light infraction by the driver of the Arc vehicle assigned to Plaintiff. Carroll-Hall does not make a similar allegation with respect to her final termination. Under *Twombly*, such conclusory allegations are insufficient to state a claim for relief. *See* 550 U.S. 544, 555 (2007). Therefore, Plaintiff's age discrimination claim is DISMISSED.

## **CONCLUSION**

For the reasons stated above, Plaintiff's "Motion to Oppose the Motion to Dismiss" (Paper No. 8) is MOOT, as it is not technically a motion requiring disposition. Defendant Arc of Baltimore's Motion to Dismiss (Paper No. 6) is GRANTED, and Plaintiff's Motion for Leave to File a Motion for Entry of Default Judgment (Paper No. 9), and Motion to Appoint Counsel (Paper No. 13) are DENIED as moot.

A separate Order follows.


Dated: September 22, 2010                     /s/_____
                                              Richard D. Bennett
                                              United States District Judge